## WORLAND v WALLACE

Ohio Appeals, 6th Dist, Lucas Co
No 2331. Decided March 17, 1930

Edgar W. Norris, Toledo, and John S. Sealfield, Toledo, for Worland.

Fritsche, Kruse & Winchester, Toledo, for Wallace.

RICHARDS, J.

The testimony of the plaintiff tended to show that he lost in gambling in the defendant's place of business the amount of $443.00, while the testimony offered by the defendant tended to show that the plaintiff had not gambled at defendant's place of business nor lost any money there. Under this state of the record it is contended that there is no evidence to sustain the verdict and judgment for $250.00. It must be remembered that the verdict for the plaintiff necessarily carried with it a finding by the jury that the plaintiff had gambled in premises occupied by the defendant and had lost money in so doing, and the jury, having so found, Worland is not in position to object that the verdict was for $250.00 instead of the full amount testified to by plaintiff. Or, putting it in other words, there being testimony tending to show the right of the plaintiff to recover $443.00 and the jury having found that the plaintiff was entitled to recover, the defendant can not complain that the jury failed to award the entire amount. There was, however, some testimony tending to show a payment having been made by Worland to one Dixon who resided in Findlay, where Wallace resided, three or four days after the alleged gambling, which the jury may have found was paid for the benefit of Wallace.

It is insisted that the judgment should be reversed because of the admission of evidence tending to show an offer to compromise. On this question the bill of exceptions contains the following cross-examination for Worland:

"Q. Mr. Worland, you know a man named Dennis down at Findlay, his last name Dennis? A. Yes, sir.

Q. Do you remember telling him to pay back $150.00 of this money that Wallace had lost? A. No sir.

Q. And giving him a release to have Wallace sign down there? A. Not $150.00.

Q. How much was it you told him to give him?- A. I says to Dick, I says, Dick—

Q. I do not mean Dixon, I mean Dennis?

Objection; overruled: exception.

A. Well, the answer was this way. That I knew that he was going to blackmail me or try to shake me down and to employ a lawyer. I says to Dennis, I will give him $75.00. I will give it to you. Give to him $75.00."

The man Dennis to whom reference is made claimed by Worland to have been an agent of Wallace and is claimed by Wallace to have been the agent of Worland. We do not think it important which of them Dennis was agent for. The protection accorded a party against having evidence introduced against him, showing an attempt to compromise, inures to his benefit just the same whether the attempt is made through another or directly by the party himself. The earlier part of the evidence quoted shows that the examination related to money which Wallace had lost and which was to be paid back, and that in consideration of such payment a release was to be given by Wallace. The only controversy seems to be as to whether the amount was to be $75.00 or $150.00. In either event the amount, if paid, was evidently to be paid by way of compromise. The fact that the record fails to show the communication of this offer to Wallace is immaterial. The evidence introduced could not fail to get before the jury the fact that Worland was attempting to compromise the matter and it is against public policy to permit the introduction of such evidence.

We find nothing in the charge prejudicial to the plaintiff in error, but because of the admission of the evidence relating to an attempted compromise, the judgment must be reversed and the cause remanded for a new trial.

Williams and Lloyd, JJ., concur.